FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 2 5 2024

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**MICHAEL GRANT**                                                  **PLAINTIFF**

**V.**                          CASE NO. 2:24-cv-135-BSM

This case assigned to District Judge Miller
and to Magistrate Judge Moore

**JASON KENNEDY; ISMAEL CLAY;**
**CECIL LANGSTON; NICK MCPHERSON;**
**COLE STRAYHORN; JARREOUS JOHNSON;**
**all individually and in their official capacity, as an**
**officer for the City of West Memphis**                          **DEFENDANTS**

### NOTICE OF REMOVAL

Come now Defendants, Jason Kennedy, Ismael Clay, Cecil Langston, Nick McPherson,

Cole Strayhorn, and Jarreous Johnson[1], all individually and officially, ("Defendants"), by and

through their attorney, Jenna Adams, and for their Notice of Removal, state as follows:

1.      Plaintiff filed a Complaint on June 17, 2024, in the Circuit Court of Crittenden

County, Arkansas, Case No. 18CV-24-495. Defendants named were Jason Kennedy, Ismael Clay,

Cecil Langston, Nick McPherson, Cole Strayhorn, and Jarreous Johnson[2], all individually and

officially.

2.      Defendants have filed an Answer to the Complaint on July 25, 2024. Defendants

have simultaneously filed a Notice of Parties and State Court of Removal with the Circuit Court

of Crittenden County, Arkansas, pursuant to 28 U.S.C. §1446(d).

3.      Plaintiff's Complaint alleges violations of his constitutional rights under 42 U.S.C.

§§ 1981, 1983, 1985, 1986, including violations of the First, Fourth, and Fourteenth Amendments

to the United States Constitution, as well as violations under the Arkansas Constitution, Arkansas

Civil Rights Act, and the state tort claims of assault and battery.

---

[1] Plaintiff incorrectly spelled Jarius Johnson's name in the case style and paragraph 1 of the Complaint.
[2] Plaintiff incorrectly spelled Jarius Johnson's name in the case style and paragraph 1 of the Complaint.

4.    28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court. Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over United States Constitution causes of action. Plaintiff's Complaint clearly states a claim that arises under the United States Constitution. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.    Venue is proper in this Court.

6.    A true and correct copy of the pleadings served on Defendants are attached hereto as Exhibit "A" and incorporated herein by this reference, these constituting all process, pleadings and orders which have been served on Defendants. The Answer filed on behalf of the Defendants is also attached hereto as Exhibit "B" for the convenience of the Court.

7.    Pursuant to 28 U.S.C. §1446, Defendants herby give notice of the removal of this action from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern District of Arkansas.

Wherefore, Defendants pray that this action be removed from the Circuit Court of Crittenden County, Arkansas, to the United States District Court for the Eastern District of Arkansas, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which there is entitlement.

2

Respectfully submitted,

**DEFENDANTS**

By: _____

Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR  72115
TELEPHONE: (501) 978-6115
FACSIMILE: (501) 978-6558
EMAIL: jenadams@arml.org

## <u>CERTIFICATE OF SERVICE</u>

I, Jenna Adams, hereby certify that on July 25, 2024, that a true and correct copy of the above and foregoing has been served upon the attorney(s) of record of record as referenced via email:

Luther Oneal Sutter
Lucien R. Gillham
Caleb Baumgardner
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com
lucien.gillham@gmail.com
caleb@sglaw@gmail.com

_____
Jenna Adams

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

**MICHAEL GRANT**                                          **PLAINTIFF**

**V**            **CASE NO.** ~~Bcv-24-495~~

**JASON KENNEDY; ISMAEL CLAY; CECIL LANGSTON;
NICK MCPHERSON; COLE STRAYHORN; JARREOUS JOHNSON;
ALL INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, AS AN
OFFICER FOR THE CITY OF WEST MEMPHIS**

**DEFENDANTS**

### COMPLAINT

COMES the Plaintiff, **MICHAEL GRANT,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.;** and, for this Complaint, states:

### PARTIES AND JURISDICTION

1.      Plaintiff **MICHAEL GRANT** is a resident and citizen of Crittenden County, Arkansas, who brings this action against Separate Defendants, **JASON KENNEDY, ISMAEL CLAY, CECIL LANGSTON, NICK MCPHERSON, COLE STRAYHORN, JARREOUS JOHNSON,** who are all sued in their Individual and Official Capacities as Police Officers for the City of West Memphis, an Arkansas Municipality.

2.      This is an action brought for assault and battery, felony aggravated assault, and violation Plaintiff's State and Constitutional rights, as allowed by the Arkansas Civil Rights Act of 1993 and 42 USC 1983.

3.      Since Plaintiff is a resident of this County, venue is proper and all actions were taken under the color of law.

### GENERAL ALLEGATIONS OF FACTS

4.      In September of 2023, Plaintiff was visiting with friends when Defendants raided the apartment complex.



5.    Plaintiff left the scene and was chased by the Defendants.

6.    Plaintiff stopped running, and the Defendants attacked the Plaintiff without cause.

7.    When the Defendants got to Plaintiff, they told him to put his hands up.

8.    Plaintiff put his hands up and got on the ground. And as soon as Plaintiff hit the ground, the narcotics officers started stomping him in my stomach, in his back and in his side."

9.    Defendants seriously injured the Plaintiff, and he had to stay several days in the hospital.

10.    One or more Defendants used more force than was reasonably necessary effectuate the arrest, while the other Defendants failed to intervene, thereby violating Plaintiff's State and Federal Constitutional rights by failing to intervene.

## CAUSES OF ACTION

12.    The Plaintiff reasserts and incorporates all previous paragraphs into each subsequent Count. Each enumerated count also incorporates all allegations of all other counts.

## COUNT ONE: INDIVIDUAL LIABILITY OF DEFENDANTS

13.    The individual Defendants committed the above-described actions and/or omissions under the color of law and by virtue of their authority as a law enforcement officer and employee of Defendant, City of West Memphis, and substantially deprived the Plaintiff of his clearly established rights, privileges and immunities guaranteed to him as citizens of the United States in violation of 42 U.S.C. §1983 and deprived Plaintiff of the rights guaranteed to him by the First, Fourth and Fourteenth Amendments of the United States Constitution including, but not limited to, the following:

    a.    Freedom from unreasonable search and seizure of his person;
    b.    Freedom from deprivation of liberty without due process of law;
    c.    Freedom from summary punishment;
    d.    Freedom from the use of excessive and deadly force;

      e.     Denial of equal protection of the law;
      f.     Freedom from racial discrimination;
      g.     Freedom from arbitrary governmental activity which shocks the conscience of a civilized society; and,
      h.     Retaliation for exercising his First Amendment rights through requesting basis for arrest.

54.    Rash also attempted to interfere with Plaintiff's civil rights by committing the above-described actions and/or omissions, under the color of law, and by virtue of the authority as law enforcement officers and employees of the City of West Memphis by attempting to cover-up the unconstitutional and unjustified exercise of force by engaging in efforts to intimidate witnesses to the excessive force by threatening Plaintiff with criminal action.  These unconstitutional and illegal actions substantially deprived Plaintiff of his clearly established rights, privileges and immunities guaranteed to him as citizens of the United States in violation of 42 U.S.C. §§1981, 1985 & 1986, by attempting to intimidate witnesses.

55.    Defendants interfered with Plaintiff's civil rights by committing the above described actions and/or omissions with an intent to discriminate against the Plaintiff on the basis of their race, under the color of law, by virtue of their authority and in the scope of their employment as law enforcement officers and employees of the City of West Memphis in violation of 42 U.S.C. §1981 and Title VI of the Civil Rights Act of 1964 by depriving Plaintiff, based on his race or color, of their clearly established rights to equal benefit and like punishment. Therefore, Defendants denied Plaintiff equal protection of laws because of their race or color.

56.    As a result of the following acts and omissions, Defendants violated Plaintiff's constitutional and federally protected rights and Plaintiff sustained serious and significant damages.

## COUNT II: MUNICIPAL LIABILITY AGAINST CITY OF WEST MEMPHIS

57.     The City of West Memphis is under a constitutional duty to properly hire, provide policy guidance, train, supervise and discipline the members of the West Memphis Police Department, (hereinafter "WMPD"), to ensure that the policing activities of the WMPD are run in a lawful manner, preserving to the citizens of the City the rights, privileges and immunities guaranteed to him by the Constitutions of the United States of America and the State of Arkansas and the laws of the United States of America and the State of Arkansas.

58.     The City permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice or custom, of its police officers, including Defendant, Dunkin, in violating the constitutional rights of the public at large, including Plaintiff.

59.     The actions of Defendants complained of herein were unjustified, unreasonable, unconstitutional, excessive and grossly disproportionate to the actions of the Plaintiff, and constituted an unreasonable search and seizure effectuated through the use of excessive and deadly force and a deprivation of Plaintiff's constitutional rights secured to him by the First, Fourth and Fourteenth Amendment of the United States Constitution and other federally protected rights.

60.     The City is directly liable to the Plaintiff for damages due to following policies, practices and customs of the WMPD, which were in effect at the time and which were maintained with deliberate indifference to the constitutional rights of citizens and which were the underlying cause of the constitutional violations:

     a.     Failure to provide the West Memphis Police Department with sufficient funds for proper operation of the WMPD;

     b.     Failure to properly screen potential law enforcement officers, including Defendants, to determine if they were qualified and fit to serve as law enforcement officers with the WMPD;

c.   Failure to properly and adequately train the WMPD's officers, including Defendants, regarding obvious law enforcement activities including, but not limited to: 1) patrolling procedures: 2) traffic stops; 3) *Terry* stops; 4) misdemeanor stops; 5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending/arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 17) investigating officer compliance with policy and procedure and critical incidents; 18) monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) duty to intervene to prevent civil rights violations.

d.   Failure to properly and adequately supervise and discipline the WMPD's officers, including Defendants, regarding obvious law enforcement activities including, but not limited to: 1) patrolling    procedures; 2) traffic stops; 3) *Terry* stops; 4) misdemeanor stops;    5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending or arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 7) investigating officer compliance with policy and    procedure and critical incidents; 8) monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) civil rights laws and violations.

e.   Failure to adequately monitor and evaluate the performance of the WMPD's officers, including Defendants, regarding their compliance with the laws and policies, practices and customs with respect to: 1) patrolling procedures; 2) traffic stops; 3) *Terry* stops;    4) misdemeanor stops; 5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9)    apprehending/arresting suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 17) investigating officer compliance with policy and procedure and critical incidents; 18) monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) civil rights laws and violations.

f.   Failure to adequately respond to and investigate complaints regarding officer misconduct by the citizenry of the WMPD 's officers, including Defendants, regarding: 1) patrolling procedures; 2) traffic stops; 3) *Terry* stops; 4) misdemeanor stops; 5) felony stops; 6) use of force; 7) use of deadly force; 8) use of firearms and intermediate force weapons; 9) apprehending/arresting

suspects; 10) taking cover; 11) use of audio/video recording devices; 12) providing medical attention; 13) summoning medical attention; 14) arresting procedures; 15) completion of reports and collection of evidence; 16) completion of Use of Force Reports; 17) investigating officer compliance with policy and procedure and critical incidents; 18) monitoring officer compliance with policy; 19) early warning systems; 20) racial profiling; and 21) civil rights laws and violations.

g.    The WMPD is aware that a "code of silence" exists among members of its department whereby officers of the WMPD will not intervene or report misconduct of fellow officers and cover-up improper conduct and has failed to take such steps to preclude its existence in the WMPD. As a result of the "code of silence" which exists at the WMPD, officers act unconstitutionally without fear of discipline from the WMPD.

61.    The City knew, or should have known, that the above-referenced policies, practices, and/or customs, translated into an underqualified and undertrained police force that was ill-equipped to perform obvious and necessary law enforcement activities without exposing the public to unwarranted danger of injury. Therefore, the City's policymakers were on actual, or constructive, notice of the deficiencies with its policies, practices and customs which make officer misconduct a foreseeable consequence.

62.    The City knew, or should have known, that the above-referenced policies, practices, and/or customs, would likely lead to the serious injury or death to persons in the City of West Memphis and that such injuries were foreseeable; yet, they disregarded that risk.

63.    The aforementioned policies, practices and customs were inadequate in relation to the specific tasks their officers must routinely perform and with respect to activities where there is an obvious need for proper policies, practices and customs and therefore, illustrated its deliberate indifference and/or reckless disregard to the consequences of officer misconduct.

64.    The City's above referenced policies, practices and/or customs violated Plaintiff's constitutional rights; and said policies, practices and/or customs were the moving force behind and proximate cause of said violations.

65.   The City's above referenced policies, practices and/or customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of citizens, including Plaintiff, and was the proximate cause of the injuries and damages sustained by Plaintiff, and evidenced a reckless or callous indifference to the federally protected rights of Plaintiffs.

66.   By failing to recognize or correct the deficiencies with its policies, practices and customs, the City consciously disregarded the known and foreseeable consequences thereof.

67.   The City's deliberately indifferent policies, practices and customs were the moving force behind the deprivation of their Plaintiff's constitutional rights.

68.   There is a direct causal link between the policies, practices and customs and the violation of Plaintiff's state and federal constitutional rights.

69.   As a direct and proximate result of the foregoing policies, practices and customs of the City, the violation of the state and federal constitutional rights of citizens by the members of the WMPD and Defendants was substantially certain to occur.   In addition, as a direct and proximate result of the aforementioned policies, practices and customs of the City, Plaintiff's constitutional rights were violated and they sustained injuries and damages.

## COUNT III: ARKANSAS CIVIL RIGHTS ACT

70.   In addition to violating Plaintiff's federally protected constitutional rights as alleged in **Counts I & II**, the Defendants violated Plaintiff's clearly established rights guaranteed to him by the Arkansas Constitution in violation of the Arkansas Civil Rights Act.

71.   With respect to the violations of Plaintiff's state constitutional rights by Defendants, Plaintiff incorporate the allegations set forth in Count I.

72.    With respect to the violations of Plaintiff's state constitutional rights by Defendant City of West Memphis and the WMPD , Plaintiff incorporate the allegations set forth in Count II.

### COUNT IV: STATE LAW TORTS

73.    By virtue of the facts alleged herein, Plaintiff has been the victims of common law assault and battery, as well as a felony of aggravated assault, and outrageous conduct, as well as a victim of a felony as defined by Ark. Code Ann. § 16–118–107.

74.    Plaintiff brings these state actions against the applicable Defendants as set forth under Arkansas law which include claims against the City of West Memphis for all actions performed by Defendants in the course and scope of his employment with the City of West Memphis and Defendants any other actions.

### COUNT VI: PUNITIVE DAMAGES

78.    The actions set forth herein committed by Defendants were intentional, malicious, reckless and performed with malice and caused Plaintiff serious emotional and physical damages, entitling the Plaintiff to substantial award of punitive damages against Defendants.

### COUNT VII: DAMAGES

79.    As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff's constitutional rights were violated and Plaintiff was damaged.  Plaintiffs seek recovery from the Defendants, both jointly and severally, of all damages to which he may be entitled for their injuries and damages to the fullest extent as possible under both state and federal law, including, but not, the following:

    a.    Physical pain and suffering;
    b.    Emotional pain and suffering;
    c.    Medical expenses;
    d.    Permanent injuries;
    e.    Loss of enjoyment of life;

f.    Loss of wages;

g.    Loss of earning capacity;

h.    Fright, fear, anxiety;

i.    Punitive damages against the applicable Defendants;

j.    Pre- and post-judgment interest;

k.    Statutory and discretionary costs;

l.    Attorneys' fees;

m.    A declaratory judgment that the acts and conduct herein were unconstitutional;

n.    Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring the City of West Memphis to provide proper policy, training and supervision of its officers and holding him accountable for their misconduct; and,

o.    All such further relief, both general and specific, to which they may be entitled under the premises.

## JURY DEMAND

80.    Plaintiff demands a trial by jury.

## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues the Defendants, both jointly and severally, for the injuries sustained by the Plaintiff and pray for a judgment against the Defendants for compensatory damages in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which they may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sue Defendants, both jointly and severally and prays for a judgment against Defendants for punitive damages on the Federal and State claims and against the City under the ACRA in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which they may be entitled under the premises.

**WHEREFORE**, Plaintiff prays for appropriate compensatory damages exceeding $1,000,000.00; for a reasonable attorneys' fees and costs; declaratory judgment in that the Defendants have violated Plaintiff's State and Constitutional rights; for an injunction requiring the City of West Memphis to train its police officers; for a trial by jury; and, for all other proper relief.

Respectfully submitted,

/s/ Luther Oneal Sutter

By:     Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Caleb Baumgardner, Esq., ARBN2014183
Attorneys for Plaintiff
**SUTTER & GILLHAM, P.L.L.C.**
1501 N Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 - Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com
Caleb.sglaw@gmail.com

ELECTRONICALLY FILED
Crittenden County Circuit Court
Terry Hawkins, Circuit Clerk
2024-Jul-25  09:08:03
18CV-24-495
C02D02 : 9 Pages

**IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS**
**CIVIL DIVISION**

**MICHAEL GRANT**                                                        **PLAINTIFF**

**V.**                                    **CASE NO. 18CV-24-495**

**JASON KENNEDY; ISMAEL CLAY;**
**CECIL LANGSTON; NICK MCPHERSON;**
**COLE STRAYHORN; JARREOUS JOHNSON;**
**all individually and in their official capacity, as an**
**officer for the City of West Memphis**                    **DEFENDANTS**

## ANSWER TO COMPLAINT

Comes now Defendants, Jason Kennedy, Ismael Clay, Cecil Langston, Nick McPherson, Cole Strayhorn, and Jarreous Johnson[1], all individually and officially, ("Defendants"), by and through their attorney, Jenna Adams, and for their Answer, state:

## PARTIES AND JURISDICTION

1.      Defendants are without sufficient knowledge or information to admit or deny whether Plaintiff is a resident or citizen of Crittenden County, Arkansas, therefore, it is denied. Defendants acknowledge they are being sued in their individual and official capacities as police officers for the City of West Memphis, which is a municipality in the State of Arkansas.[2] Defendants deny that Plaintiff has a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged.

2.      Defendants acknowledge that Plaintiff is bringing causes of action under the Arkansas Civil Rights Act of 1993 and 42 U.S.C § 1983, as well as claims of assault and battery,

---

[1] Plaintiff incorrectly spelled Jarius Johnson's name in the case style and paragraph 1 of the Complaint.
[2] Plaintiff incorrectly spelled Jarius Johnson's name in the case style and paragraph 1 of the Complaint.


EXHIBIT
B

and felony aggravated assault. Defendants deny that Plaintiff has a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged.

    3.    Paragraph 3 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, Defendants deny that Plaintiff has a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged. Defendants are removing this case to federal court as jurisdiction and venue is proper there.

## GENERAL ALLEGATIONS OF FACTS

    4.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, therefore it is denied. Defendants specifically deny any and all wrongdoing alleged.

    5.    Defendants admit that Plaintiff fled on foot from law enforcement officers, who then pursued him. Defendants deny that all named Defendants were involved in the foot pursuit of Plaintiff. Defendants specifically deny any and all wrongdoing alleged.

    6.    Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

    7.    Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

    8.    Defendants admit that Plaintiff put his hands up and got on the ground. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

    9.    Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

## CAUSES OF ACTION

12.     Defendant realleges and incorporates by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein.[3]

### COUNT ONE: INDIVIDUAL LIABILITY OF DEFENDANTS

13.     Defendants admit that they were acting under color of law. Defendants deny the remaining allegations contained in Paragraph 13, including subparts (a) through (h), of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

54.     Paragraph 54 of Plaintiff's Complaint refers to someone named "Rash," who is not a party to this case. Assuming the allegations contained in Paragraph 54 of Plaintiff's Complaint refer to Defendants, Defendants deny the allegations due to their complete denial of any and all wrongdoing alleged.[4]

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

56.     Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

### COUNT II: MUNICIPAL LIABILITY AGAINST CITY OF WEST MEMPHIS

57.     Paragraph 57 of Plaintiff's Complaint contains conclusions of law, thus no response is necessary. Defendants deny any and all wrongdoing alleged.

---

[3] Plaintiff's Complaint is missing Paragraph 11. Defendants have numbered the paragraphs in their Answer to match the paragraphs as numbered in Plaintiff's Complaint.
[4] Plaintiff's Complaint is missing Paragraphs 14-53. Defendants have numbered the paragraphs in their Answer to match the paragraphs as numbered in Plaintiff's Complaint.

58.     Paragraph 58 of Plaintiff's Complaint refers to someone named "Dunkin," who is not a party to this case. Assuming the allegations contained in Paragraph 58 of Plaintiff's Complaint refer to Defendants, Defendants deny the allegations due to their complete denial of any and all wrongdoing alleged.

59.     Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

60.     Defendants deny the allegations contained in Paragraph 60, including subparts (a) through (g), of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

65.     Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

66.     Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

67.     Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

68.     Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

69.     Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

## COUNT III: ARKANSAS CIVIL RIGHTS ACT

70.     Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

71.     Defendants reallege and incorporate by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein and specifically deny that they violated Plaintiff's state constitutional rights.

72.     Defendants reallege and incorporate by reference the responses contained in the preceding paragraphs of this Answer as though fully set forth herein and specifically deny that they violated Plaintiff's state constitutional rights.

## COUNT IV: STATE LAW TORTS

73.     Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

74.     Defendants acknowledge that Plaintiff brings these claims pursuant to Arkansas law. Defendants deny t that Plaintiff has a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged.[5]

## COUNT VI: PUNITIVE DAMAGES[6]

---

[5] Plaintiff's Complaint is missing Paragraphs 75-77. Defendants have numbered the paragraphs in their Answer to match the paragraphs as numbered in Plaintiff's Complaint.
[6] Plaintiff's Complaint was missing a Count V.

78.    Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

### COUNT VII: DAMAGES

79.    Defendants deny the allegations contained in Paragraph 79, including subparts (a) through (o), of Plaintiff's Complaint. Defendants specifically deny any and all wrongdoing alleged.

80.    Plaintiff's request for a trial by jury speaks for itself. Defendants request a trial by jury as to all issues remaining at that time.

81.    Defendants deny that the Plaintiff is entitled to the relief requested in all three (3) of his WHEREFORE Paragraphs of his Complaint due to their complete denial of any and all wrongdoing alleged.

82.    Defendants deny each and every allegation not specifically admitted herein.

83.    Defendants reserve the right to plead further upon additional investigation and discovery, to include an amended answer.

### AFFIRMATIVE DEFENSES

1.    The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2.    Defendants are entitled to statutory, tort, qualified, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law including but not limited to Ark. Code Ann. § 21-9-301.

3.    Defendants assert they did not violate Plaintiff's rights.

4.    Defendants assert any and all affirmative defenses found applicable pursuant to Fed. R. Civ. P. 8(c), including, but not limited to, justification and privilege.

6

5.      Defendants submit that none of their actions constituted unreasonable force.

6.      Defendants in their individual capacities affirmatively plead qualified and good faith immunities, and they would show the Court that any and all actions taken were based upon probable cause and reasonable cause, were those of objectively reasonable officers, and were in accordance with the provisions of statutes and common law of the United States of America and the State of Arkansas.

7.      Defendants took no actions alleged in the Complaint because Plaintiff allegedly engaged in any protected activity under the Federal and State Constitutions.

8.      Defendants assert any affirmative defense suggested by the Supreme Court of the United States Court in the cases of *Garcetti*, *Connick*, and *Pickering*. This includes, but is not limited to, the defense that any speech uttered by Plaintiff about which his Complaint pertains was not a matter of public concern. Further, no alleged protected speech was a motivating factor or cause in fact for Plaintiff's arrest.

9.      Defendants assert that Plaintiff was not discriminated against on the basis of his race.

10.     Plaintiff's claims are barred in whole, or in part, by his failure to complete required procedural prerequisites to this lawsuit.

11.     Plaintiff has failed to exhaust applicable and available administrative remedies.

12.     As deemed applicable, Defendants assert the affirmative defenses of *res judicata*, collateral estoppel, Rooker-Feldman, *Younger* abstention doctrine, and *Heck v. Humphrey*.

13.     Defendants assert that to the extent Plaintiff sustained any damages, the damages were a direct and proximate result of Plaintiff's own conduct.

14.     Punitive damages are not recoverable against a municipality as a matter of law.

7

15.    Defendants assert that Plaintiff's alleged damages did not occur as a result of any custom, policy, or practice of the City of West Memphis.

16.    There has been no failure to train or supervise by any Defendant.

17.    Defendants expressly deny that they can be held liable to the Plaintiff under the theory of *respondeat superior*.

18.    Defendants reserve the right to amend their answer to assert any such defenses as may become available or apparent during the pendency of this action.

WHEREFORE, Defendants pray that the relief prayed for by the Plaintiff be denied and that the Complaint be dismissed, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

**DEFENDANTS**

By: /s/ Jenna Adams
Jenna Adams, Ark. Bar No. 2015082
P.O. Box 38
North Little Rock, AR  72115
TELEPHONE: (501) 978-6115
FACSIMILE: (501) 978-6558
EMAIL: jenadams@arml.org

8

**<u>CERTIFICATE OF SERVICE</u>**

I, Jenna Adams, hereby certify that on July 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the eFlex system which shall send notification to the following eFlex participants:

Luther Oneal Sutter
Lucien R. Gillham
Caleb Baumgardner
Sutter & Gillham, P.L.L.C.
luther.sutterlaw@gmail.com
lucien.gillham@gmail.com
caleb@sglaw@gmail.com

/s/ Jenna Adams_____
Jenna Adams

9