IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MICHAEL GRANT                                                                    PLAINTIFF

v.                              CASE NO. 2:24-CV-00135-BSM

JASON KENNEDY, *et al.*                                                          DEFENDANTS

## ORDER

Defendants' motion for summary judgment [Doc. No. 23] is denied on Michael

Grant's individual capacity claims against Officer Cecil Langston and granted on his official

capacity claims. Summary judgment is granted on his claims against Officer Clay and

Lieutenant Kennedy and they are dismissed as parties.

## I. BACKGROUND

West Memphis police officers went to an apartment complex in response to

information that a large group of people were loitering. Plaintiff's Response to Statement

of Undisputed Facts ("SUMF"), Doc. No. 43, ¶ 1. When they arrived, several people,

including Michael Grant, fled on foot. *Id*. ¶ 3. Officers Ismael Clay, Cecil Langston, and

Blaine Cagle pursued Grant. *Id*. ¶ 4. Grant eventually stopped running and got on the

ground. *Id*. ¶ 5.

Clay straddled Grant and began handcuffing him when Langston, who was running

full speed, slid into Grant's side. *Id*. ¶¶ 10–11. Grant states that Langston then kicked and

stomped him. *Id*. ¶¶ 12–13. Grant began to complain of chest and back pain and difficulty

breathing before he was placed in the patrol car. *Id*. ¶ 19. For this reason, Lt. Jason

Kennedy called Emergency Medical Services (EMS).  *Id*. ¶ 23.  When EMS arrived, Grant told them he had bronchitis and congestive heart failure.  *Id*. ¶ 24; Gibson Bodycamera video (Bodycam) 13:38–14:00, Ex. 15, Doc. No. 25.  EMS determined Grant's heart rate was good and his lungs were clear.  *Id*. ¶ 26.  Lt. Kennedy asked the officers if force had been used and they said it had not.  *Id*. ¶ 27.

EMS transported Grant to the hospital where his vital signs were normal and he showed no signs of respiratory distress.  SUMF ¶¶ 29–33. Two days later, Grant was admitted to the hospital for a pneumothorax, a condition in which a lung slips off the inner chest wall, creating a space.  *Id* ¶ 44.  Pneumothroxes can spontaneously occur in smokers, as a result of genetic issues, injury, or coughing too hard.  *Id*. ¶ 35.  Grant has a history of congestive heart failure, hypertension, cigarette, and marijuana use.  *Id*. ¶ 36.

After an interview with Grant aired on the news, West Memphis Police Chief Robbin Campbell placed the officers on leave and initiated an internal affairs investigation.  *Id*. ¶¶ 46–50.  Approximately two weeks later, Captain Kevin Jordan asked to speak with Grant, but Grant refused to give a statement or file a complaint.  *Id*. ¶ 51–52.  Although Jordan did not conduct formal interviews with the officers due to Grant's failure to file a complaint, Jordan did review video of the incident.  SUMF ¶ 55. Based on his observations, Jordan found that no force was used and put the officers back to work.  *Id*. ¶¶ 54–56.

Grant filed suit alleging a number of claims, but those that remain are against Langston in his individual and official capacities for excessive force under 42 U.S.C. section 1983 and the Arkansas Civil Rights Act; in his official capacity for failure to train, supervise,

discipline, and respond to and investigate complaints; and for assault, battery, and civil action by a crime victim under Arkansas common law.  Plaintiff's Response Brief in Opposition to Defendants' Motion for Summary Judgment ("Pls. MSJ Resp."), Doc. No. 44.  Defendants are moving for summary judgment on all claims..

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Grant has abandoned his First Amendment retaliation claim, his Fourteenth Amendment equal protection claim, and his common law outrage claim, so those are dismissed.  Pls. MSJ Resp. at 1.

Grant also failed to respond to defendants' motion for summary judgment on his (1) Fourteenth Amendment due process; (2) *Monell* claims for failure to provide sufficient funds

to the West Memphis Police Department and failure to properly screen potential officers for employment; (3) claims under Title VII and USC section 1981, 1985, and 1986; (4) claims against Officer Clay for failure to intervene; and (5) claims against Lt. Kennedy for failure to supervise. *See* Pls. MSJ Resp. Summary judgment is therefore granted on those claims and Officer Clay and Lt. Kennedy are dismissed as parties. *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009).

A. Individual Capacity Claims against Langston

Summary judgment is denied on all of Grant's individual capacity claims against Officer Langston.

*1. Excessive Force*

The first issue to be resolved is whether Langston is immune from Grant's excessive force claim. If the answer is no, the second issue to be resolved is whether there are genuine issues of material fact in dispute that require a trial to a fact-finder. Both of these questions hinge on the same question, which is: did Langston intentionally kick or stomp Grant while he was on the ground and being handcuffed by Clay? If the answer is yes, then Langston is not immune from suit and summary judgment must be denied. Langston is not immune from Grant's claim and his motion for summary judgment is denied because there is a genuine dispute of material fact as to whether he kicked or stomped Grant while he was on the ground and being handcuffed.

Police officers are typically immune from suit unless they violate a plaintiff's clearly established right. *See Kelsay v. Ernst,* 933 F.3d 975, 979 (8th Cir. 2019). An arrestee has

a clearly established right not to be kicked or stomped while he is lying on the ground in handcuffs. *See Tatum v. Robinson*, 858 F.3d 544, 552 (8th Cir. 2017); *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011) (not objectively reasonable for officer to kick arrestee several times while he was restrained on the ground and offering no resistance); *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 582 (8th Cir. 2009) (knocking a non-resisting suspect to the ground is a violation of a clearly established right)*; Lambert v. City of Dumas*, 187 F.3d 931, 936 (8th Cir.1999) (holding that "[a] single small cut of the lateral right eyelid and small scrapes of the right posterior knee and upper calf" were sufficient to support an excessive force claim).

Whether Langston actually kicked or stomped Grant while he was lying on the ground and being handcuffed is disputed. *See* Michael Grant Deposition 34:6–20, Defs.' SUMF, Ex. 4, Doc. No. 25 (Grant testifying that he was kicked by Langston when he was on the ground); Ismael Clay Deposition 16:1–17, Defs.' SUMF, Ex. 1 (Officer Clay testifying that he did not see Langston kick or stomp Grant); Curtis Cagle Dec., Defs.' SUMF, Ex. 3 (Officer Cagle testifying that he did not see Langston kick or stomp Grant). In that the video does not clearly show what happened, whether Langston actually kicked or stomped Grant is a question for the jury. *See* Def's SUMF, Ex. 10 at 20:20:30–20:20:50.

Summary judgment is denied on the substance of Grant's claim for the same reason that Langston does not have qualified immunity: there is a question of fact as to whether Langston actually kicked or stomped Grant. Although Langston argues that Grant is unable to establish causation without expert medical testimony, such testimony is not required. *See*

5

*Ziesmer v. Hagen*, 785 F.3d 1233 (8th Cir. 2015) (expert testimony not required when causal connection can be inferred by sudden onset of symptoms.)  Grant's testimony that he was injured is sufficient to overcome summary judgment.

### 2. Assault and Battery

To prove his assault and battery claims, Grant must show that (1) Langston intentionally placed Grant in fear of immediate physical harm and (2)  Langston acted with the intent to cause harmful contact to Grant and did so.  *Mann v. Pierce*, 505 S.W.3d 150, 154 (Ark. 2016).  Viewing the record in the light most favorable to Grant, a reasonable juror could find that Langston intentionally kicked or stomped Grant with intent to cause harm.  Summary judgment is therefore denied.

### 3. Civil Action by a Crime Victim Act

Summary judgment is denied on Grant's civil action by a crime victim claim.  To establish this claim, Grant must prove he was damaged by Langston's felonious conduct.  Ark. Code Ann. § 5-13-203.  In support of his claim, Grant argues that Langston committed aggravated assault against him.  Pls. MSJ Resp. at 16.  In addition to this, Grant must show that Langston purposely engaged in conduct that created a substantial danger of death or serious physical injury.  Ark. Code Ann. § 5-13-204 (a)(1).  Grant argues that kicking or stomping someone creates a substantial danger of death or serious physical injury,  Pls. MSJ Resp. at 16.  This is a very close call because this record is devoid of evidence such as Grant being kicked in the head which would typically be necessary to show that Langston's action put Grant in substantial danger of death or serious bodily harm.  Out of an abundance of

caution, however, summary judgment is denied and the parties can take up this question at the close of plaintiff's proof.

B.    Official Capacity Claims against Officer Langston

Summary judgment is granted on Grant's official capacity claims against Langston. A suit against  Langston in his official capacity is the same as a suit against the city.  *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  To prove an official capacity claim, Grant must show Langston injured him while acting pursuant to an official policy or custom of the city or West Memphis Police Department (WMPD).  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978).  Grant has narrowed his official capacity arguments to (1) ratification by the City and (2) a widespread custom of tolerating non-reporting of excessive force and failing to supervise.  Pls. MSJ Resp at 10.

*1. Ratification by the City*

Summary judgment is granted on Grant's ratification claim.  While unclear, it appears Grant is arguing that the City of West Memphis effectively "approved" Langston's conduct because it reacted to T.V. publicity and did not satisfactorily investigate the incident.  *Id.* at 7 and 9.  A plaintiff can prove ratification only when it shows that the decision maker possessed final authority to establish policy with respect to the actions taken.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).  The final policy maker is the West Memphis City Council.  *See Est. of Brown v. West*, 2022 WL 963664 (E.D. Ark. Mar. 30, 2022) ("the West Memphis City Council is the final policymaker for the City of West Memphis"); Ark. Code Ann. § 14-52-101.  Nothing in the record shows that the *city council* ratified

7

Langston's decisions or the basis for them. Summary judgment is therefore appropriate. *See Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017) (ratification requires proof the policymaker specifically approved the subordinates act).

### 2. Widespread Custom

Grant also argues the WMPD has a widespread custom of tolerating non-reporting of excessive force and failing to supervise. Pls. MSJ Resp. at 10. To establish a custom, Grant must show (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the WMPD's employees; (2) deliberate indifference to or tacit authorization of such conduct by policymaking officials after notice to the officials of that misconduct; and (3) Grant's injury was caused by acts pursuant to the WMPD's custom. *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998).

To prove there is a pattern of misconduct in the WMPD, Grant relies on former West Memphis police officer Stacy Allen, who testified that the WMPD has a culture of non-compliance and unethical behavior. Aff. Stacy Allen, Doc. No. 40, Ex. 1. Grant also relies on former officer Mose Walker, who testified that Chief Campbell repeatedly circumvents the chain of command and that his discipline is reactive to public exposure. Dec. Mose Walker, Doc. No. 40, Ex. 2. Although evidence the department failed to investigate previous incidents similar to Grant's would help in showing a custom exists, the evidence presented does not describe similar incidents, but is general in nature. *See Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999). And, while Grant states that his case underscores the custom, a single incident is not enough to prove a custom. Pls. MSJ Resp at 10; *City of*

*Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

Grant also argues that Langston's actions were caused by the WMPD's custom of not reporting use of force events and its failure to properly investigate past uses of force, as shown by its failure to file a use of force report or properly investigate the actions of Langston.  Pls. MSJ Resp. 9–11. The uncontested evidence shows that once the T.V. interview was aired, the department launched an investigation, relieved officers Langston, Clay, and Calge of duty pending the investigation, reviewed camera footage, attempted to interview Grant, and put together a report.  SUMF ¶¶ 47–56.  Nothing in the record shows a pattern of non-investigation.  It is true that neither Langston nor the other officers filled out a use of force report, but Langston maintains he did not use any force.  *Id.* ¶ 13.  While it is possible that the failure to file a use of force report or interview the officers was a violation of department policy, a policy violation is not the same as a Constitutional violation.  *See Walton v. Dawson*, 752 F.3d 1109, 1122 (8th Cir. 2014) (violating an internal policy does not *ipso facto* violate the Constitution).

## IV. CONCLUSION

Defendants' motion for summary judgment is denied on Michael Grant's individual capacity claims against Officer Cecil Langston and granted on his official capacity claims. Summary judgment is granted on his claims against Officer Clay and Lieutenant Kennedy.

The clerk is directed to update the case name to *Grant v. Langston*.

     IT IS SO ORDERED this 3rd day of March, 2026.


                                     UNITED STATES DISTRICT JUDGE